## Case No. 15,174.

### UNITED STATES v. FUERS.

[12 Int. Rev. Rec. 43.]

District Court, W. D. Pennsylvania.   1870.

INDICTMENT—FINDING BY GRAND JURY.

An indictment will not be quashed because sent up by the United States attorney, and found by the grand jury, without a previous information, hearing, and binding over; but process will be awarded for the arrest of the defendant. and he will be held to answer.

Catharine Fuers was indicted for carrying on the business of brewing, etc.. without keeping the books required by law; selling beer in casks without stamps, and without cancelling stamps. Her brewery was seized by the collector, who reported the seizure and the grounds thereof to the United States attorney, by whom the property was libelled, and an indictment sent up against the owner, which was returned by the grand jury "a true bill."

J. Rose Thompson. who appeared for defendant, moved to quash the indictment, because it was not founded on a previous information, arrest, hearing, and binding over. but was sent up solely at the instance and in the discretion of the prosecuting officer of the government. He argued. and quoted numerous decisions of state courts, to show that defendant could not be held to answer unless a previous information had been made, and he had been confronted by his accuser, so as to have an opportunity to learn the nature of the accusation preferred against him, etc.

H. B. Swoope. U. S. Atty., replied that the practice in the federal and state courts was entirely different; that there were no private prosecutors in the courts of the United States; that all indictments touched matters of great and grave public concern, as the revenue, the post-office, the currency, the customs, etc.; that even in state courts the prosecuting officer of the people could. in such cases, send up bills without a previous information, hearing, etc.; that the practice in the federal courts was regulated by the common law. save in so far as it was changed by congressional enactment; that in England the king's attorney-general could. in all cases not capital, file an information without a previous oath, arrest, or hearing, on which the defendant was held to answer; that the fourth amendment to the constitution, which provided that no warrant of arrest could issue without probable cause being first shown, was not violated in any way by issuing a warrant of arrest after a bill found on sworn testimony by a grand jury: and that there was no force in the argument that defendant was entitled to' a

hearing in order to learn the nature of the charges preferred, because it was well settled that the United States attorney could send up a bill for an entirely different offence than that returned to him, if he thought he had evidence to support it.

PER CURIAM. We are very clear that this motion should be overruled. There is very little analogy between the practice of the federal and state courts in regard to the prosecution of offenders. It is but seldom that private interests are involved in bringing to justice those who violate the federal laws. Officers have to be appointed and commissioned for this purpose, and for all their official acts in the discharge of these duties they are amenable to the laws. The rights of defendants will be carefully guarded; but the officers of the government, acting under their official oaths, will not be required to go through all the forms and steps that are demanded of private prosecutors.

The question has been heretofore decided, and the motion is accordingly overruled.